**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 25-3028

_____

DWAYNE A. REID, JR.,
                              Appellant

v.

JULIA K. MUNLEY, in her individual capacity; PHILLIP J. CARABALLO, in his
individual; WILLIAM I. ARBUCKLE, in his individual capacity; MONICA M.
LITTMAN in her individual capacity; SONYA KIVISTO, in her individual capacity

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1:25-cv-00844)
District Judge: Honorable Keli M. Neary

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 8, 2026
Before:  BIBAS, CHUNG, and BOVE, *Circuit Judges*

(Opinion filed: July 8, 2026)

_____

OPINION[*]

_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Appellant Dwayne A. Reid, Jr., proceeding pro se, appeals from the District Court's dismissal of his complaint. For the following reasons, we will affirm.

In May 2025, Reid brought a civil rights action against three judges of the Middle District of Pennsylvania—Magistrate Judges Phillip J. Caraballo and William I. Arbuckle, and District Judge Julia K. Munley ("the Judges")—and attorneys Monica M. Littman and Sonya Kivisto. He alleges that the defendants violated his civil rights through actions they took in another civil case pending in the Middle District, *Reid v. Portfolio Recovery Associates, LLC*, No. 1:24-cv-2101 (M.D. Pa. filed Dec. 5, 2024). On July 18, 2025, the District Court sua sponte dismissed Reid's claims against the Judges with prejudice based on judicial immunity. The court also ordered Reid to show cause as to why his claims against Littman and Kivisto should not be dismissed with prejudice. However, Reid "essentially ignore[d] the court's direction," ECF 32 at 4, and instead focused on arguing for reconsideration of the dismissal of the claims against the Judges. The District Court then dismissed the remaining claims because Reid failed to show that the attorneys acted under color of state law or took any actions other than simply representing an adverse party in a lawsuit he filed. The court also declined to reconsider its dismissal of the claims against the Judges. Reid timely appealed.

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the District Court's sua sponte dismissal, *see Allah v. Sieverling*, 229 F.3d 220, 223 (3d Cir. 2000), and its grant of judicial immunity. *See Gallas v. Sup. Ct. of Pa.*, 211 F.3d 760, 768

2

(3d Cir. 2000). We review an order denying a recusal motion for abuse of discretion. *See Jones v. Pittsburgh Nat'l Corp.*, 899 F.2d 1350, 1356 (3d Cir. 1990).

We agree with the District Court that the Judges are entitled to judicial immunity.[1] A judge is immune from all liability for actions taken in his or her judicial capacity, even those alleged to have been done maliciously or corruptly, unless such action is taken in the absence of all jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). Reid's claims against the Judges arise solely from actions taken in their judicial capacities, as he alleges that they violated his civil rights through decisions made in *Reid v. Portfolio Recovery.* Moreover, as the District Court observed, Reid fails to plausibly allege that the Judges took any action "in the complete absence of all jurisdiction." *See* ECF 29 at 2 (quoting *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991)).

Reid contends that the District Court erred in determining that the Judges were entitled to judicial immunity because they were acting in a "commercial" capacity, rather than a judicial capacity, and because the court collected a filing fee. He is mistaken. Nothing in *Clearfield Trust Co. v. United States*, 318 U.S. 363 (1943)—the case Reid cites in support of his argument—suggests that judicial immunity is lost simply because accepting a filing fee is purportedly some manner of commercial activity, as he alleges.

Next, Reid argues that the District Court sua sponte dismissed his claims against the Judges in retaliation for his filings in *Reid v. Portfolio Recovery*, which "detailed

---

[1] Reid raises numerous arguments on appeal, some of which challenge judicial decisions made in *Reid v. Portfolio Recovery*, a wholly separate action that is not before this Court on appeal. Those arguments are properly litigated on appeal from the decisions in that case and this Court will not address them here.

3

allegations of felony misconduct (concealment, perjury, misprision of a felony, and treason) against judicial officers and opposing counsel." C.A. Doc. 9 at 18. This assertion is meritless. Reid's claims were properly dismissed for the aforementioned reasons.

Reid also contends that the District Court's sua sponte dismissal of the claims violated his due process rights. Though generally disfavored, "a sua sponte dismissal will not be set aside where the aggrieved party cannot show any prejudice." *Watchtower Bible and Tract Soc'y of N.Y., Inc. v. Mun. of San Juan*, 773 F.3d 1, 13 (1st Cir. 2014). Here, Reid cannot establish any prejudice. After the District Court dismissed the claims against the Judges and ordered Reid to show cause as to why the claims against the attorneys should not be dismissed, Reid filed a response presenting "arguments and facts . . . [to] provide the necessary justification for th[e] [District] Court to vacate its prior dismissal orders[.]" ECF 31 at 1. Recognizing that Reid functionally presented a motion for reconsideration, the District Court considered his arguments regarding judicial immunity before determining that they were frivolous and dismissing the entire case. Because Reid had an opportunity to seek reconsideration with the District Court, any error in initially ruling without providing him with an opportunity to respond was harmless. *See Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) (explaining that "lack of prior notice of a sua sponte dismissal with prejudice for failure to state a claim is harmless when . . . the plaintiff has a reasonable post-judgment opportunity to present his arguments to the district court"); *Deutsche Bank Nat'l Tr. Co. v. Pike*, 916 F.3d 60, 67 (1st Cir. 2019) (same). Thus, "[t]he entry of a new order of dismissal after reconsideration effectively

4

cured any prejudice." *Watchtower Bible and Tract Soc'y of N.Y.*, 773 F.3d at 13. And we agree that the claims were properly dismissed.

Similarly, we find no error in the District Court's dismissal of the claims against attorneys Littman and Kivisto because they were not state actors. *See Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009). Reid's claims against the attorneys arise solely out of their representation of adverse parties in *Reid v. Portfolio Recovery*. However, neither Littman nor Kivisto, by virtue of their roles in the other action, were acting under color of state law for purposes of § 1983. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 318 (1981) (stating that "a lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983").

Finally, to the extent that Reid contends that the District Court's dismissal of his claims amounted to judicial misconduct warranting recusal under 28 U.S.C. § 455, recusal is only warranted when a judge's impartiality might be questioned; "a party's displeasure with legal rulings" is not a basis for recusal. *See Securacomm Consulting, Inc. v. Securacomm Inc.*, 224 F.3d 273, 278 (3d Cir. 2000). We discern no abuse of discretion in the District Court's refusal to recuse.[2]

---

[2] We also discern no abuse of discretion in the District Court's decision to dismiss Reid's claims with prejudice. While a District Court should usually give leave to amend, it need not when amendment would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). Such is the case here, where Reid's claims are based *entirely* on adverse decisions made in another civil action pending in the Middle District. *See generally*, ECF 1.

Accordingly, we will affirm the District Court's judgment. We also deny Reid's pending motions. To the extent Reid requests any additional relief, it is denied.